FILED

2009 DEC -7 PM 1: 35

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

MAB/DSC

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR LEE COUNTY, FLORIDA

EDWARD PEARCE, individually, and as
Named Beneficiary and Next of Kin to CARRIE
J. HALL, deceased,

    Plaintiff,

v.

ZURICH AMERICAN INSURANCE COMPANY,

    Defendant.
_____/

2:09-cv-793-FtM-29 SPC

09 – CA – 004807
Judge: Rosman, Jay B

FILED LEE CO. FLORIDA
CLERK OF COURTS
OCT 26 PM 4: 45
D.C.

**COMPLAINT FOR DECLARATORY RELIEF & DEMAND FOR JURY TRIAL**

**COMES NOW** the Plaintiff, EDWARD PEARCE, individually, and as named beneficiary and next of kin to CARRIE J. HALL, deceased, ("PEARCE"), by and through his undersigned counsel, and sues the Defendant, ZURICH AMERICAN INSURANCE COMPANY ("ZURICH"), for declaratory relief, and in support thereof would show unto this Court as follows:

    1.    This is an action for declaratory relief, jurisdiction for which is given to this Circuit Court of the State of Florida pursuant to § 86.011, Florida Statutes, as the amounts of the policy in question are in excess of the $15,000.00 jurisdictional limit of this Court.

    2.    The Plaintiff, PEARCE, is an individual sui juris who, at all times material hereto, resided in Lee County, Florida.

    3.    The Defendant, ZURICH, is a corporate insurance company licensed to do business in the State of Florida, and regularly performing business operations, including the sales and adjusting of insurance claims in Lee County, Florida.

    4.    CARRIE J. HALL, decedent, is the named insured under the policies described in paragraph 7 below.

5. On October 24, 2008, Ms. HALL was involved in a motor vehicle accident.

6. Ms. HALL died on October 25, 2008, as a result of the injuries she sustained in the accident. A copy of her death certificate is attached hereto as Exhibit "A"

7. Zurich issued (3) three policies of accidental death and dismemberment to CARRIE J. HALL as follows:

a) Policy No. GTU 26 20 838;

b) Policy No. GTU 26 20 839;

c) Policy No. GTU 4379350.

8. These three (3) insurance policies issued by ZURICH were in effect on October 25, 2008. Copies of the declarations pages are attached hereto as Exhibits "B", "C" and "D", respectively. The undersigned is not in possession of full copies of the policies but anticipates receiving certified copies of each from ZURICH through discovery.

9. In each of these three (3) insurance policies issued by ZURICH, PEARCE is the named beneficiary.

10. All PEARCE's claims under the three (3) policies have been denied and he has not received any proceeds as the beneficiary to and under the policies.

11. PEARCE has complied with all conditions precedent, including but not limited to all administrative conditions precedent, necessary to support his claim for insurance proceeds as the beneficiary to the policies. Alternatively, to the extent that there was or is a failure to comply with the conditions precedent, said failure neither prejudiced nor represented a material breach of the subject contracts of insurance. Alternatively, ZURICH is estopped from asserting defenses related to conditions precedent.

12. PEARCE is unsure as to his rights, duties and obligations with respect to the subject policy of insurance, and, in fact, believes insurance coverage is available entitling

him to the insurance proceeds as the beneficiary to the policies. .

13. That § 627.428 of Florida Statutes is applicable to this litigation, and PEARCE claims all benefits of said Section, including claims for attorneys' fees and costs.

14. That § 57.104 of Florida Statutes is applicable to this litigation, and PEARCE claiming all benefits of said Section, including claims for legal assistant/paralegal fees and costs.

15. PEARCE has been required to hire the undersigned counsel to prosecute this action against ZURICH, and is contractually obligated to compensate the office of the undersigned for his services, and would benefit from the payment of the undersigned services, even if this matter is resolved via settlement.

**WHEREFORE**, the Plaintiff, EDWARD PEARCE, individually, and as named beneficiary and next of kin to CARRIE J. HALL, deceased, respectfully requests this Honorable Court to issue the following declarations:

- a) A declaration that the subject policies of insurance were in full force and effect on the date of CARRIE J. HALL's death on October 25, 2008;

- b) A declaration that Plaintiff is a named beneficiary to and under each of the subject policies of insurance;

- c) A declaration that CARRIE J. HALL's death not purposeful or intentional but that her death was accidental, sudden and unexpected;

- d) A declaration that CARRIE J. HALL's death was not a self inflicted injury or a suicide;

- e) A declaration that CARRIE J. HALL's death was within the meaning of the terms of the subject insurance policies, thus affording coverage for her untimely and accidental death;

- f) A declaration that Plaintiff is owed benefits/proceeds pursuant to the terms of each of the subject policies of insurance;

g) A declaration that Plaintiff is entitled to his attorneys' fees, legal assistant fees, and costs as a result of prosecuting this action for declaratory relief against Defendant;

h) A declaration that this Honorable Court retain jurisdiction for supplemental relief including, but not limited to claims for damages for breach of duty of good faith allowing, if necessary, Plaintiff to amend his pleadings to reflect such claims upon determination of coverage or any other appropriate time; and

i) Such other relief as is just and proper.

**Demand for Jury Trial.** Plaintiff demands a jury trial on all issues so triable.

> BOYLE & GENTILE, P.A.
> Attorneys for Plaintiff
> 2050 McGregor Boulevard
> Fort Myers, FL 33901
> Telephone: (239) 337-1303
> Facsimile: (239) 337-7674
> mboyle@boylegentilelaw.com
> dcrockett@boylegentilelaw.com
>
> By: _____
> Mark A. Boyle, Sr.
> FBN: 0005886
> Debbie Sines Crockett
> FBN: 0033706

Z:\Hall v Zurich\PLEADINGS\complaint 10-26-09.doc

- 4 -